## Rudd, et al. v. Roberts, et al.

(Decided February 7, 1912.)

### Appeal from Daviess Circuit Court.

Wills—Estate Devised.—Where a testator devised his property to his widow during her life, and after her death one share of said property was given to testator's daughter for life, and at her death same should go to her children, the daughter took a life-estate only in her share of her father's estate, and her deed conveying her said interest carried only her life interest therein.

T. L. EDELEN and R. A. MILLER for appellants.

C. S. WALKER for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This appeal involves the construction of the following will:

"In the name of God, Amen. I, Joseph W. Alexander, being of sound mind, hereby make this my last will and testament—

1st.   I will that all my debts be paid.

2.   I will and bequeath to my wife, Caroline E. Alexander, to have and to hold and use during her life all my property of every description, both real and personal and mixed and it is my will that she use, control and manage same in any manner that she may deem proper for her support and maintenance.

3d.   It is my will that after the death of my wife, that all my property remaining of every description be sold and the proceeds equally divided amongst my children, all to take share and share alike, and if any of them be dead, leaving children, then the children of such to take the share of their parents, but in making this division it is my will that my daughter, Susan Roberts, shall hold her portion as her own separate estate free from the control or debts of her husband, during her life and at her death the same shall go to her children.

4th. In making the division of my estate after the death of my wife it is my will that the son of my son, Joseph, shall receive no part of same, he already being amply provided for.

5th. I hereby make my wife, Caroline, the executrix of this my last will, and request that she may be allowed to do so without any bond or giving any security.

"In testimony I have hereunto placed my signature this May 27, 1876.

"JOSEPH W. ALEXANDER."

The testator died in 1876, and left surviving him a widow, Caroline E. Alexander, and six children, S. S. Alexander, Wayland Alexander, Hamilton Alexander, Arthur Alexander, Romanzo E. Alexander, and Susan A., the wife of James W. Roberts. The testator's property consisted chiefly, if not entirely, of 155 acres of land near Owensboro, which has since greatly increased in value. The widow, Caroline, qualified as executrix, and so acted, and remained in possession of the farm under the will until her death in 1886. The farm was not sold after her death as the will had directed. In 1889, Susan A. Roberts sold all of her interest, as one of the heirs of Joseph W. Alexander, in said land, to her brother, Romanzo E. Alexander, for $1,500.00. Susan A. Roberts died in 1907, leaving three living children, C. A. Roberts, Kate E. Hawes and Mary Cottrell, and a grandson, Allen Roberts, who was the son of her deceased son, S. J. Roberts. Susan A. Roberts was also the mother of Harry Roberts, who had died during the lifetime of his mother, and without issue.

This action was brought in 1910 by C. A. Roberts and his sister, Kate Hawes, against the widow and children of Romanzo E. Alexander, to recover the interest which they, as the children of Susan A. Roberts, took under the will of their grandfather, Joseph W. Alexander. They claim that their mother, Susan A. Roberts, took only a life estate in one-sixth of the farm, with remainder to her children. The infant, Allen Roberts, and Mary Cottrell, were made defendants.

The chancellor held that Susan A. Roberts took a life estate only, and that the plaintiffs were entitled to recover their proportion of a one-sixth interest in the land disposed of by the will of their grandfather, and which their mother had subsequently attempted to con-

vey to Romanzo E. Alexander; and from that judgment the defendants have prosecuted this appeal.

Under the well known rule of construction, that we must give to a will that meaning which was intended by the testator, we find no trouble in this case, since it is plainly evident that the testator intended that his daughter, Susan A. Roberts, should hold her portion "during her life, and at her death the same shall go to her children."

We do not see how there can be any doubt as to the meaning of the testator under the plain language of his will. Mrs. Roberts took an estate for life, which could not be enlarged by any act upon her part; and her children, living at the time of her death, or, if dead, the survivors, as a class, took the fee in remainder.

Judgment affirmed.